IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-40018
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GWENDOLYN CAROL MOORE, also
known as Sandra A. Newton,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 3:98-CR-3-2
_____

January 10, 2000

Before JOLLY, JONES, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Gwendolyn Carol Moore, also known as Sandra A. Newton, appeals her conviction and sentence, following a jury trial, for conspiracy to possess marijuana with intent to distribute, in violation 21 U.S.C. § 846, and possession of marijuana with intent to distribute, in violation of 21 U.S.C. § 841(a)(1).

The evidence was not insufficient to support Moore's convictions for conspiracy and possession. See United States v. El-Zoubi, 993 F.2d 442, 445 (5th Cir. 1993); United States v. Cano-Guel, 167 F.3d 900, 904 (5th Cir. 1999); United States v. Bermea,

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

30 F.3d 1539, 1551 (5th Cir. 1994). Moore testified that, until approximately one hour before a state trooper stopped them, she was completely unaware of the 198.5 pounds of marijuana in the trunk of the car she was driving, along with a codefendant as passenger. The jury, however, was entitled to discredit her account of the car trip, in which she maintained that she had agreed to travel "straight through" from Ohio to Texas and back with her codefendant, a man she barely knew, simply because she had recently had problems in an unspecified romantic relationship and needed to "get away" from Ohio. See United States v. Jones, 185 F.3d 459, 464 (5th Cir. 1999) (constructive possession of drugs may be shown by control of vehicle in which drugs are concealed); United States v. Brito, 136 F.3d 397, 411 (5th Cir.) (defendant's failure to provide sufficient explanation for long trip to border in car "escorting" truck containing marijuana entitled jury to reject defendant's claim that he was "just along for the ride"), cert. denied, 118 S.Ct. 1817 (1998).

The district court did not clearly err in refusing to grant Moore an offense level reduction for "minor" or "minimal" participation under U.S.S.G. § 3B1.2. See United States v. Zuniga, 18 F.3d 1254, 1261 (5th Cir. 1994); United States v. Bethley, 973 F.2d 396, 401 (5th Cir. 1992) (a drug courier is not automatically entitled to a mitigating role reduction).

The district court did not clearly abuse its discretion in admitting into evidence Moore's 1977 Ohio conviction for aggravated

drug trafficking. See United States v. Broussard, 80 F.3d 1025, 1039 (5th Cir. 1996). The district court was authorized to conclude that such conviction was relevant under FED. R. EVID. 404(b) to show Moore's state of mind in the instant case and that the conviction was not too remote in time to be probative. See United States v. Beechum, 582 F.2d 898, 911 (5th Cir. 1978) (en banc); United States v. Chavez, 119 F.3d 342, 346 (5th Cir.) (use of 15-year-old conviction), cert. denied, 118 S.Ct. 615 (1997).

A F F I R M E D.